FILED
Nov 12  3 11 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
Kendra (HEWITT) Morgan, Darlene WHALEY
and Ethel L. WRIGHT

    Individually and as
    Class Representatives,
    Plaintiffs,

Civil Action No.
3:01cv2037 (MRK)

    v.

THE METROPOLITAN DISTRICT
COMMISSION,
Defendant.
------------------------------------------------------------X

## PARTIES' REPORT OF PLANNING MEETING
## PURSUANT TO LOCAL RULE 26(e)

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule 26(e), a conference was held on October 10, 2003. The participants were:

Robert W. Heagney for plaintiffs, Kendra Hewitt, Darlene Whaley, Ethel L. Wright, et al

Anthony J. Palermino for defendant The Metropolitan District Commission

### CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## JURISDICTION

The Federal District Court has original jurisdiction in this matter based on 28 U.S.C. § 1343(4).

## BACKGROUND

The complaint was filed on September 17, 2001 and was served on September 18, 2001.

The above-referenced matter arises out of actions which the Plaintiffs were deprived of their rights under the Constitution of the United States, particularly under the provisions of the under Section 1981 of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964.

Defendant's defenses include (1) Plaintiffs' race was known to MDC; (2) at no time did plaintiffs complain about differential treatment by superiors because of their national origin, ancestry, alienage, and/or sex; (3) the doctrine of qualified immunity applies to the discretionary and governmental functions of the MDC; (4) the statute of limitation bars any claims prior to February 16, 2001; (5) plaintiff has failed to state a claim upon which relief can be granted; and (6) defendant denies plaintiff's allegations.

## STATEMENT OF UNDISPUTED FACTS

Counsel certify that we have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

2

1. The Plaintiffs reside in Connecticut

2. The MDC employs more than 15 persons and is a specially chartered municipality in the State of Connecticut;

3. Plaintiffs commenced working at the MDC and most continue to work at the MDC at the present time;

CASE MANAGEMENT PLAN

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

The parties agree to the following scheduling order:

1. All discovery will be commenced by December 7, 2001 and completed by March 1m 2004. The parties will not request permission to serve more than twenty-five (25) interrogatories.

2. Depositions of all witnesses will commence by December 7, 2001 and be completed by January 30, 2004. The parties anticipate that the Plaintiffs will require a total of eight (8) depositions of fact witnesses and that the Defendant will require a total of eight (8) deposition of fact witnesses. The parties do not intend to call expert witnesses at trial.

3. Dispositive Motions shall be filed no later than April 1, 2004.

4. Joint Trial Memorandum shall be filed no later than thirty (30) days following April 40, 2004 or the decision on Dispositive Motions, whichever is later.

5. The case will be ready for trial by July 1, 2004.

3

## SCHEDULING CONFERENCE WITH THE COURT

The parties request a pre-trial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), for the purpose of explaining to the Court why Local Rule 26(E) was not complied with. The parties prefer a conference by telephone.

## EARLY SETTLEMENT CONFERENCE

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties believe that it is unlikely at this time that the parties will be able to settle this matter, however, <u>the parties request an early settlement conference with a magistrate judge</u>. The parties do not request a referral for alternative dispute resolution pursuant to B. Conn. L. Civ. R. 36.

## JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

Plaintiffs should be allowed until February 1, 2004 to file a motion to certify the class and until May 1, 2004 to join additional parties and to file motions to amend the pleadings.

Defendant should be allowed until March 1, 2004 to file motions to join additional parties and to file a response to any amended pleadings.

## DISCOVERY

1. The parties anticipate that discovery will be needed on the following subjects: (1) Plaintiffs' employment and the hostile work environment they have encountered; (2) type(s) of illegal conduct alleged in the workplace; (3) the statute which was allegedly violated; (4) liability; and (5) damages, including evidence with regard to emotional distress.

4

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by December 7, 2001 and completed by March 1, 2004.

3. Discovery will not be conducted in phases.

4. There are no issues for early discovery.

5. The parties anticipate that the Plaintiffs will require a total of eight (8) depositions of fact witnesses and that the Defendant will require a total of eight (8) deposition of fact witnesses. The parties do not intend to call expert witnesses at trial.

6. The parties will not request permission to serve more than twenty-five (25) interrogatories.

7. A damage analysis will be provided by Plaintiffs no later than July 1, 2004.

DISPOSITIVE MOTIONS

Dispositive Motions shall be filed no later than April 1, 2004.

JOINT TRIAL MEMORANDUM

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than June 1, 2004.

TRIAL READINESS

The case will be ready for trial by July 1, 2004.

As Officers of this Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS, KENDRA (HEWITT) MORGAN,

5

DARLENE WHALEY
ETHEL L. WRIGHT, ET AL
Individually and as Class Representatives

By_____   Date: Oct. 7 2003
Robert W. Meagney
Their Counsel
HASSETT & GEORGE, P.C.
928 Hopmeadow Street
P.O. Box 454
Simsbury, CT 06070
Fed. Bar No. ct05658

DEFENDANT, THE METROPOLITAN DISTRICT COMMISSION

By_____   Date: November 7, 2003
Anthony J. Palermino
Its Counsel
Law Offices of Anthony J. Palermino
945 Wethersfield Avenue
Hartford, CT 06114
Fed. Bar No. ct_____

6