UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENDRA HEWITT, DARLENE WHALEY<br>And ETHEL L. WRIGHT<br>    PLAINTIFFS | CIVIL ACTION NO.:<br><br>301CV2037MRK |
| vs | December 21, 2004 |
| METROPOLITAN DISTRICT COMMISSION<br>    DEFENDANT | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION TO BIFURCATE

**I. INTRODUCTION**

    The Defendant, Metropolitan District Commission (MDC), moves to bifurcate the proceedings, and have a separate trial for each plaintiff. This case has a lengthy history and record. The Court denied the Plaintiffs' request for certification as a class action on June 28, 2004. After the Court's decision, the three remaining Plaintiffs, Kendra Hewitt, Darlene Whaley and Ethel L. Wright, were left with their individual claims. Each Plaintiff has a separate and distinct claim, and it would be prejudicial for the MDC to have this matter proceed as one trial.

    The arguments in support of the Motion to Bifurcate are stated below.

## II. FACTS

These three Plaintiffs were part of the initial class action. But for the class action, the claims of these Plaintiffs would not be joined. Given the denial of class certification, it is now time to separate these claims.

The three remaining Plaintiffs, Hewitt, Whaley, and Wright, have distinct legal claims which should not be the subject of one trial.

### Kendra Hewitt

Hewitt claims that she was denied her proper title and pay for three and ½ years, and this was discriminatory. She also claims that she experienced discrimination related to her performance evaluations, and was harassed and her reputation defamed. Complaint at 7.

Hewitt was upgraded to an Accounting Assistant, PT-09 on October 3, 1999. At that time she was employed in the Financial Control Activity, and supervised by James Michel. See Exhibit A, Zaik affidavit at paragraph 7.

### Darlene Whaley

Whaley claims that she experienced discrimination in promotions, and was denied retroactive pay. Complaint at 8. Although Whaley alleges in her complaint discrimination related to her performance evaluations, she conceded in her deposition that she did not have this claim, see Exhibit B, Whaley deposition at 45.

On June 20, 1998 Whaley was awarded an Account Clerk, PT-05 position in the Accounts Payable Unit, Financial Control Activity. Whaley was upgraded to Principal Account Clerk, PT-07 effective October 22, 2000. <u>Zaik affidavit</u> at paragraph 9.

**<u>Ethel L. Wright</u>**

Wright claims she was not promoted to several different positions. Wright claims she was discriminated against and not promoted to the following positions:

1. Assistant to the District Clerk
2. Senior Human Resource Analyst
3. Central Services Administrative. <u>Complaint</u> at 9.

Although Wright alleges in her complaint discrimination related to her performance evaluations, she conceded in her deposition that she did not have this claim. <u>See Exhibit C, Wright deposition</u> at 32.

Wright was employed as the Central Clerical Supervisor, in the Administrative Services Department. Wright was promoted to a Community Affairs Assistant position, EE-10 on December 4, 2003. <u>Zaik affidavit</u> at paragraph 8.

The plaintiffs have distinct legal claims, which arise from different facts. Whaley and Wright do not have any claims concerning performance evaluations, and this is a claim alleged by Hewitt. Although Hewitt and Whaley both work in the Financial Control Activity area, the timing of their claims, the position, the

salary history, and the facts for each is different.  Wright was assigned to a completely different work area, and her claims concerning the denial of promotions are for positions which are not in the Financial Control Activity area. See Zaik affidavit at paragraphs 7, 8 and 9.

Given the different fact patterns for each plaintiff, there is the real possibility that the jury would be confused.  The trial of these claims together will be prejudicial to the MDC.

### III.  ARGUMENT

#### A.  The Plaintiffs' claims should be bifurcated for trial.

A district court has broad discretion to order separate trials under Rule 42(b) in order to (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party.  Fed. R. Civ. P. 42(b); Ricciuti v. New York City Transit Authority, 796 F. Supp. 84, 86 (S.D.N.Y. 1992).  Only one of the three factors must be met to justify bifurcation.  Ismail v. Cohen, 706 F. Supp. 243, 251 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d. Cir. 1990).

The Plaintiffs in this case have distinct legal claims which should not be tried together.  There will be a confusion of the issues for the jury, different witnesses involved, and each Plaintiff will have a separate claim for damages.  It would be prejudicial for the MDC to have all three cases tried at once.

The danger of contaminating the minds of the jurors with evidence that is applicable to some Defendants and not others is a problem here, and prejudicial to the MDC.  See <u>Ricciuti</u> at 83.

The Court noted previously in its decision on the class action that there are very different claims raised by each Plaintiff, <u>See Memorandum of Decision</u> at Page 25.  In its decision, the Court made this argument concerning the class certification, but it holds true here.

Each Plaintiff will have a different set of facts to prove for her claim, and damages will also be different for each Plaintiff.  Given this, the potential for confusion by the jury, and the possibility that the number of plaintiffs and claims may convince the jury of discrimination, require that these cases be bifurcated.

The Court has considerable discretion to grant this Motion to Bifurcate.  In the interests of justice and to avoid prejudice to the MDC, the Motion should be granted.

## IV. CONCLUSION

Given the arguments stated above, the MDC moves to bifurcate the claims of the three Plaintiffs.

                PLAINTIFF
                METROPOLITAN DISTRICT COMMISSION

        BY_____
                ANTHONY J. PALERMINO
                Their Attorney
              Law Offices of Anthony J. Palermino
                945 Wethersfield Avenue
                Hartford, Connecticut 06114
                (860) 296-0035
                ct05651

## CERTIFICATION

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 21st day of December, 2004 to Attorney Robert W. Heagney, Hassett & George, P.C., PO Box 454, Simsbury, CT 06070.

_____
Anthony J. Palermino