FILED

2005 JAN 12 P 2: 22

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kendra (HEWITT) Morgan, Darlene WHALEY,
And Ethel L. WRIGHT,
    Plaintiffs

v.

THE METROPOLITAN DISTRICT
COMMISSION,
    Defendant.

CIVIL NO. 3:01CV2037 (MRK)

January 11, 2005

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO BIFURCATE

The Plaintiffs respectfully submit the following memorandum in support of their objection to the Defendant's Motion to Bifurcate, dated December 21, 2004.

**I.   FACTUAL BACKGROUND**

The present case was commenced on October 31, 2001 by the filing of the Complaint with the clerk of the court and by service upon the Defendant, the Metropolitan District Commission, on November 2, 2001. At the onset of the case, the Plaintiffs filed a motion for class action certification, pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure. That motion was denied by the Court (Underhill, J.) without prejudice on February 3, 2003. The Plaintiffs filed a second motion for class certification on or about January 20, 2004. That second motion was denied by the Court (Kravitz, J.) on June 28, 2004. Thereafter, on December 6, 2004, the Court issued an Order granting the Plaintiffs' Motion for Extension of

Hassett & George, P.C.   555 Franklin Avenue  Hartford, CT  06114
(860) 296-2111   Fax: (860) 296-8494   Juris No. 407894

Time, dated November 29, 2004, requesting an extension until January 15, 2005 for the parties to file their joint trial memorandum. That same Order set dates for the parties final pretrial conference (February 23, 2005), jury selection (March 1, 2005) and commencement of trial (March 28, 2005).

Subsequent to that Order being issued, the Defendant filed the present motion to bifurcate, dated December 21, 2004, asserting "[i]t would be prejudicial to the MDC for these individual claims to be the subject of one trial."

## II. BURDEN OF PROOF FOR BIFURCATION

The Defendant's motion is made pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Rule 42 (b) provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

"In order for a court to grant bifurcation, the party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials, based on the circumstances of the individual case.... Thus, even if bifurcation might somehow promote judicial economy, courts should not order

separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Essentially, ... courts must balance the equities in ruling on a motion to bifurcate." (Citations omitted; internal quotation marks omitted.) Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000).

### III. BIFURCATION WOULD CAUSE UNNECESSARY DELAY AND EXPENSE

The Plaintiffs assert that bifurcation is not appropriate at this point inasmuch as an order of bifurcation would cause the Plaintiffs to suffer an unnecessary delay and expense. The present case has already been set for trial, jury selection to begin on March 1, 2005. The parties have already begun preparing their joint trial memorandum, which is due on January 15, 2005.

"Extending the adjudication into two or more proceedings necessarily implicates additional discovery; more pretrial disputes and motion practice; empaneling another jury or imposing more on the jurors who decide the earlier phase of the litigation; deposing or recalling some of the same witnesses; and potentially engendering new rounds of trial and post-trial motions and appeals. The inconveniences, inefficiencies and harms inherent in these probable consequences – to the parties and third parties, to the courts, and to the prompt administration of justice – weigh against separation of trials and suggest that, for those probable adverse effects to be overcome, the circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases." Kos Pharmaceuticals v. Barr Laboratories, 218 F.R.D. 387, 390-91 (S.D.N.Y. 2003).

The Defendant does not and cannot demonstrate that any benefits to bifurcation at this point would overcome the inevitable prejudice of delay and expense caused by the same. Wherefore, the Plaintiffs respectfully request that the Court deny the Defendant's Motion to Bifurcate.

                      Respectfully submitted,
                      THE PLAINTIFFS

By: _____
     Robert W. Heagney (ct05658)
     Stuart E. Brown (ct24659)
     sbrown@hgesq.com
     Hassett & George, P.C.
     555 Franklin Avenue
     Hartford, CT 06114
     (860) 296-2111
     Fax: (860) 296-8494

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed this 11th day of January, 2005 to the following counsel of record:

Anthony J. Palermino, Esq.
Law Offices of Anthony J. Palermino
945 Wethersfield Avenue
Hartford, CT 06114

*Stuart Brown*
Stuart E. Brown

\\Sbs2k\shared\Labor\Hewitt et al - Class Action\Pleadings\Objection to Motion to Bifurcate.doc

**Hassett & George, P.C.**  555 Franklin Avenue  Hartford, CT 06114
(860) 296-2111  Fax: (860) 296-8494  Juris No. 407894