UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENDRA HEWITT, DARLENE WHALEY                CIVIL ACTION NO.:
And ETHEL L. WRIGHT
      PLAINTIFFS                                    301CV2037MRK

vs                                                            January 18, 2005

METROPOLITAN DISTRICT COMMISSION
      DEFENDANT

**JOINT TRIAL MEMORANDUM**

(1)    **TRIAL COUNSEL:**

**For Plaintiff:**                                    **For Defendant**
    Robert W. Heagney                         Anthony J. Palermino
    555 Franklin Avenue                       945Wethersfield Avenue
    Hartford, CT 06114                        Hartford, CT 06114
    Phone:  (860) 296-2111                    Phone: (860) 296-0035
    Fax: (860) 296-8494                       Fax (860) 296-9468
    E-mail:rheagney@we1lington-us.com   E-mail:a.palermino.atty@snet.net.


    Stuart E. Brown                           Gary R. Atkinson
    555 Franklin Avenue                       945 Wethersfield Avenue
    Hartford, CT 06114                        Hartford, CT 06114
    Phone:  (860)296-2111 ext. 140            Phone: (860) 296-0035
    Fax: (860) 296-8494                       Fax (860) 296-9468
    E-mail: sbrown@hgesq.com                  E-mail: gratkinson@snet.net

(2)    **JURISDICTION:**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as the case involves
questions of federal constitutional and statutory rights, and pursuant to 28 U.S.C. § 1343,
as the case involves allegations of deprivations of federal civil rights.

1

(3)      **JURY/NON-JURY**:

This case is to be tried to a jury.

(4)      **LENGTH OF TRIAL**:

Counsel estimate that the presentation of evidence in this matter will require a total of six (6) days: Plaintiff's case requiring four (4) days of testimony and Defendant's case requiring two (2) days.

(5)      **FURTHER PRETRIAL PROCEEDINGS**:

Plaintiffs Darlene Whaley and Ethel Wright have reached an agreement with the MDC as to an appropriate settlement of their portions of this case.  They will be filing withdrawals upon receipt of the agreed consideration for settlement from the Defendant.

Both parties intend to object to certain exhibits and will file written objections to same.  In addition, the Defendant will file a motion in limine to preclude testimony and evidence on the following:

1].      Any evidence by Plaintiff Hewitt concerning a claim for constructive discharge; and

2].      Any evidence of alleged discrimination against MDC employees or former employees who are not parties to this action.

The only objection to be noted now is to Morgan's medical records.  The admission of these records requires expert testimony, and no expert has been identified.

(6)      **NATURE OF CASE:**

**Plaintiff's Statement:**

The Plaintiff, Kendra Morgan, has brought the present action in a single count.  The Plaintiff claims that she was discriminated against in the terms and conditions of her employment in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000(e), et seq.
          The plaintiff seeks compensatory damages for her economic damages (lost pay, lost benefits, etc.) and non-economic damages (stress, humiliation, emotional distress, etc.).  The Plaintiff also seeks reimbursement of costs and attorneys' fees incurred in the present action.

**Defendant's Statement:**

The defendant, The Metropolitan District Commission, denies that it discriminated against the plaintiff on the basis of her race, denies that the plaintiff suffered any adverse job action, and, even if the plaintiff is able to prove discrimination, denies that she sustained any damages. In addition, the MDC claims that some of Plaintiffs' allegations of discriminatory treatment are barred under the applicable statute of limitations, that the doctrine of qualified immunity applicable to discretionary and governmental functions of the MDC bars the plaintiffs' claims, that the MDC exercised reasonable care to prevent and correct any harassment by a supervisor that the plaintiffs failed to take advantage of the MDC's reporting procedures and to mitigate damages and, that the plaintiffs failed to arrange that a notice of right to sue was issued by the Equal Employment Opportunity Commission (EEOC), indicating failure to exhaust an administrative remedy.

(7)    **TRIAL BY MAGISTRATE JUDGE**

The parties have conferred and they do not desire to have the present case tried by a Magistrate Judge.

(8)    **EVIDENCE**

**WITNESSES FOR PLAINTIFF**

- Kendra Morgan (Plaintiff)
    i.  Anticipated testimony:    Plaintiff will provide first-hand testimony as to the allegations set forth in her complaint; Plaintiff's employment at MDC and the events surrounding the allegations of the complaint
    ii.  Duration of testimony: five (5) hours
    iii.  Morgan is <u>likely to testify</u>
- Susan Gessay (address: 555 Main Street, Hartford, CT)
    i.  Anticipated testimony:  Gessay's employment history at MDC
    ii.  Duration of testimony: one and a half (1.5) hours
    iii.  Gessay is <u>likely to testify</u>
- Darlene Whaley (address: 555 Main Street, Hartford, CT)
    i.  Anticipated testimony:  witnessing incidents of adverse treatment and discrimination towards the Plaintiff

3

    ii.  Duration of testimony: one and a half (1.5) hours
    iii.  Whaley is <u>likely to testify</u>
- Monece Ritter (address: 555 Main Street, Hartford, CT)
  - i.  Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Ritter is <u>likely to testify</u>
- Linda Foster (address: 555 Main Street, Hartford, CT)
  - i.  Anticipated testimony: Foster will testify about the work actually being performed by Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Foster is <u>to be called if the need arises</u>
- Sheila Fredericks (address: 555 Main Street, Hartford, CT)
  - i.  Anticipated testimony: Fredericks will testify about the work actually being performed by the Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Fredericks is <u>to be called only if the need arises</u>
- Karen Feeney (address: 555 Main Street, Hartford, CT)
  - i.  Anticipated testimony: Feeney will testify about the work that was actually being performed by the Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Feeney is <u>to be called only if the need arises</u>
- Florence Oten (address: 555 Main Street, Hartford, CT)
  - i.  Anticipated testimony: Oten will testify about the work that was actually being performed by the Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Oten is <u>to be called if the need arises</u>
- Julia Hudson (address: 555 Main Street, Hartford, CT)
  - i.  Anticipated testimony: Hudson will testify about the work that was actually being performed by the Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Hudson is <u>to be called if the need arises</u>
- Jennifer Taylor (address:                    )
  - i.  Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Taylor is <u>likely to testify</u>
- Tammy Richardson (address: P.O.Box 281054, E. Hartford, CT 06128)
  - i.  Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
  - ii.  Duration of testimony:  one and a half (1.5) hours
  - iii.  Richardson is <u>likely to testify</u>
- James Michel (address: 555 Main Street, Hartford, CT)

- i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
- ii. Duration of testimony: two and a half (2.5) hours
- iii. Michel is <u>likely to testify</u>
- Margaret Roughan (1690 San Silvestro Drive, Venice, FL)
  - i. Anticipated testimony: participation in incidents of adverse treatment and discrimination towards the Plaintiff
  - ii. Duration of testimony: two (2) hours
  - iii. Roughan is to be called only if the need arises
- Ethel Wright (address: 555 Main Street, Hartford, CT)
  - i. Anticipated testimony: Kendra Morgan's employment at MDC
  - ii. Duration of testimony: one hour (1) hour
  - iii. Wright is to be called only if the need arises
- Robert Zaik (address: 555 Main Street, Hartford, CT)
  - i. Anticipated testimony: the Defendant's policies and procedures as to reclassification and retroactive pay
  - ii. Duration of testimony: one and a half (1.5) hours
  - iii. Zaik is <u>likely to testify</u>
- Edward Skowronek (address: 555 Main Street, Hartford, CT)
  - i. Anticipated testimony: identification and authentication of payroll records and testimony explaining same
  - ii. Duration of testimony: two (2) hours
  - iii. Skowronek is <u>likely to testify</u>

The Plaintiff reserves the right to call additional witnesses for rebuttal in response to evidence submitted by the Defendant not reasonably anticipated prior to the beginning of the trial.

## WITNESSES FOR DEFENDANT

1]. Robert J. Zaik, MDC, 555 Main Street, Hartford, CT
   - i. Anticipated testimony: Mr. Zaik will testify about his knowledge of the plaintiffs' allegations in their complaint and the MDC's responses to the plaintiffs' claims of discrimination.
   - ii. Duration of testimony: four (4) hours.
   - iii. Mr. Zaik is likely to testify.

2]. Robert Hagen, MDC, 555 Main Street, Hartford, CT

      i.      Anticipated testimony:  Mr. Hagen will testify about his knowledge of the plaintiffs' allegations in their complaint and the MDC's responses to the plaintiffs' claims of discrimination.

      ii.     Duration of testimony:  one (1) hour.

      iii.    Mr. Hagan is likely to testify.

3].  Edward Skowronek, MDC, 555 Main Street, Hartford, CT

      i.      Anticipated testimony:  Mr. Skowronek will testify about his knowledge of the plaintiffs' allegations in their complaint and the MDC's responses to the plaintiffs' claims of discrimination.

      ii.     Duration of testimony:  one (1) hour.

      iii.    Mr. Skowronek is likely to testify.

4].  Russell Mannila, MDC, 555 Main Street, Hartford, CT

      i.      Anticipated testimony:  Mr. Mannila will testify about his knowledge of the plaintiffs' allegations in their complaint and the MDC's responses to the plaintiffs' claims of discrimination.

      ii.     Duration of testimony: two (2) hours.

      iii.    Mr. Mannila is likely to testify.

5].  Robert Moore, MDC, 555 Main Street, Hartford, CT

      i.      Anticipated testimony:  Mr. Moore will testify about his knowledge of the plaintiffs' allegations in their complaint and the MDC's responses to the plaintiffs' claims of discrimination.

      ii.     Duration of testimony:  one (1) hour.

      iii.    Mr. Moore is likely to testify.

6].  Patricia Speicher-Werbner, MDC, 555 Main Street, Hartford, CT

      i.      Anticipated testimony:  Ms. Speicher-Werbner will testify about the MDC's employment policies, the MDC's handling of employee complaints, including allegations of discrimination, the MDC's handling of the plaintiffs' complaint, the MDC's affirmative action programs, and the MDC's responses to the plaintiffs' claims of discrimination.

      ii.     Duration of testimony:  three (3) hours.

      iii.    Ms. Speicher-Werbner is likely to testify.

7].  James Michel, MDC, 555 Main Street, Hartford, CT

      i.      Anticipated testimony:  Mr. Michel will testify about his knowledge of the plaintiffs' allegations in their complaint and the MDC's responses to the plaintiffs' claims of discrimination.

      ii.     Duration of testimony:  two (2) hours.

      iii.    Mr. Mannila is likely to testify.

8].  Margaret Roughan, 1690 Sand Silvestro Drive, Venice, Florida

    i.      Anticipated testimony:  Ms. Roughan will testify about the MDC's employment policies, the MDC's handling of employee complaints, including allegations of discrimination and, the MDC's handling of the complaints of Plaintiff.

    ii.     Duration of testimony:  one (1) hour.

    iii.    Ms. Roughan will be called if the need arises.

9].  Norman LeBlanc

    i.      Anticipated testimony:  Mr. LeBlanc will testify about his knowledge of the Plaintiffs' allegations in their complaint and the MDC's responses to the Plaintiffs' claims of discrimination.

    ii.     Duration of testimony:  one (1) hour.

    iii.    Mr. LeBlanc will be called if the need arises.

10].  Ron Farina, CPC, 50 Founders Plaza, Suite 304, East Hartford, CT 06108

    i.      Anticipated testimony:  Mr. Farina will testify about information regarding the recruitment and qualifications for the job of head of Human Resources.

    ii.     Duration of testimony:  one (1) hour.

    iii.    Mr. Farina will be called if the need arises.

The Defendant reserves the right to call additional witnesses for rebuttal in response to evidence submitted by the Plaintiff not reasonably anticipated prior to the beginning of the trial.

## EXHIBITS FOR PLAINTIFF

1. Kendra Morgan performance evaluation 1994
2. Kendra Morgan performance evaluation 1995
3. Kendra Morgan performance evaluation 1996
4. Kendra Morgan performance evaluation 1997
5. Kendra Morgan performance evaluation 1998
6. Kendra Morgan performance evaluation 1999
7. Kendra Morgan performance evaluation 2000
8. Memo from Roughan to Gozzo, dated January 31, 1994, Subject: New Hires/Transfers
9. Memo from Roughan to Gozzo, dated May 13, 1996, subject Work Center Re-Locations
10. Documents to be subpoenaed from the MDC evincing the reclassification or promotion of Susan Gessay
11. Documents to be subpoenaed from the MDC evincing the amounts of

retroactive pay awarded to Susan Gessay

12. Payroll records to be subpoenaed from MDC as to Kendra (Hewitt) Morgan
13. Payroll records to be subpoenaed from MDC as to Susan Gessay for January 1994 through January 2002
14. Correspondence from Szestakow to Hewitt, dated May 5, 1998, Subject: verification of employment
15. Memo from Mannila to Hewitt, dated April 5, 2000, Subject: Classification Change
16. MDC's 1997 Classification Review status report
17. MDC's response to Interrogatories #5/ Request for Production #6: Schedule of Retro-Active Pay Adjustments
18. Medical Records for Kendra Morgan
19. E-mail from Donna Szestakow to James Michel: subject Kendra Morgan's job responsibilities

## EXHIBITS FOR DEFENDANT

### Kendra Hewitt

1]. Local 3713 Collective Bargaining Agreement 2001.
2]. Memo from Roughan to Gozzo - May 13, 1996.
3]. Memo from Mannila to Hewitt - April 5, 2000.
4]. Memo from Skowronek to Michel - June 29, 2000.
5]. Memo from Skowronek to Michel – September 27, 2000.
6]. Memo from Edward Skowronek to James Michel dated August 30, 2001 and attached evaluation.
7]. Resignation letter from Hewitt to Skowronek dated December 20, 2001.
8]. Salary history of Kendra Hewitt
9]. Retroactivity calculation

(9) **STIPULATIONS**

1. The Plaintiff, Kendra Morgan, is an African-American female.
2. Kendra Morgan was employed by the Defendant, Metropolitan District Commission ("MDC"), from January, 1994 through January, 2002.
3. The MDC is a municipal corporation with an administrative office at 555 Main Street, Hartford, Connecticut.

**Proposed Voir Dire Questions – attached.**

**Proposed Jury Instructions** – **attached.**

**Proposed Verdict Form** – **attached.**

**Brief Description of Case and Parties**

The Present case involves a controversy between the Plaintiff, Kendra Morgan, and the Defendant, the Metropolitan District Commission.  At certain points, you may hear the Defendant referred to as the "MDC" for short.  Mrs. Morgan is a former African-American employee of the Metropolitan District Commission.  This case will involve allegations of racial discrimination in the workplace against an employee, Kendra Morgan.  Plaintiff Hewitt contends that she was discriminated against because of her race, and was denied retroactive pay for her promotion to Accounting Clerk.  The MDC denies any discrimination based upon the Plaintiff's race.

It will be left to you, the members of the jury, to determine whether there was discrimination against Mrs. Morgan, and, if so, what recovery is she entitled to.

(10)     **EVIDENTIARY PROBLEMS**

See Section 5, above.

PLAINTIFF, KENDRA MORGAN               DEFENDANT,   THE   METROPOLITAN
                                       DISTRICT COMMISSION

By: _____        By: _____
Robert W. Heagney (ct05858)             Anthony J. Palermino
E-mail: rheagney@wellington-us.com      E-mail:a.palermino.atty@snet.net
Stuart E. Brown (ct24659)               Gary Atkinson
E-mail:  sbrown@hgesq.com               E-mail: gratkinson@snet.net
Hassett & George, P.C.                  945 Wethersfield Avenue
555 Franklin Avenue                     Hartford, CT 06114

Hartford, CT 06114                          Phone: (860) 296-0035
Phone: (860) 296-2111                        Fax: (860) 296-9468
Fax: (860) 296-8494

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENDRA HEWITT, DARLENE WHALEY     CIVIL ACTION NO.:
And ETHEL L. WRIGHT
    PLAINTIFFS                    301CV2037MRK

vs                                   January 18, 2005

METROPOLITAN DISTRICT COMMISSION
    DEFENDANT

## DEFENDANT MDC'S PROPOSED VOIR DIRE QUESTIONS

The Defendant, Metropolitan District Commission, ("MDC") submits the following proposed *voir dire* questions:

1.      Do you know of the MDC, which supplies drinking water, sewer services, waste collection, water pollution control, and other services in the Greater Hartford area? What is your opinion?

2.      Are you a customer of the MDC?  If so, will that fact affect your ability to be impartial?

3.      Do you know anyone who works for the MDC?  If so, who do you know? How do you know that person?

4.      Have you read anything about the MDC's efforts to achieve racial diversity among its employees?  If so, what have you read?

5.      Do you know anyone who has claimed discrimination against his or her employer?  If so, what was the claim?

6.      Do you believe that employees and managers or supervisors of different

races can have disagreements about workplace issues, and even take unreasonable positions

on those issues, without those disagreements constituting race discrimination?

7.    Have you ever been involved in a situation at work where you believed that

an employee was discriminated against?

8.    Have you ever been involved in a situation at work where an employee

claimed that he or she was discriminated against but you believed that the action taken was

not discrimination?  Please describe.

9.    Do you understand that, just because someone files a legal claim, that

person is not entitled to compensation and that, in order to recover any compensation, that

person must actually prove his or her claims with evidence?

10.    Have you ever served on a jury before?  If so, what was the case about?


                    DEFENDANT
                    METROPOLITAN DISTRICT COMMISSION



            BY_____
                    ANTHONY J. PALERMINO
                    Their Attorney
                    Law Offices of Anthony J. Palermino
                    945 Wethersfield Avenue
                    Hartford, Connecticut 06114
                    (860) 296-0035
                    ct05651



                **UNITED STATES DISTRICT COURT**
                **DISTRICT OF CONNECTICUT**

**KENDRA HEWITT, DARLENE WHALEY**            **CIVIL ACTION NO.:**
**And ETHEL L. WRIGHT**
            **PLAINTIFFS**                            **301CV2037MRK**

**vs**                                                            **January 18, 2005**

**METROPOLITAN DISTRICT COMMISSION**
        **DEFENDANT**

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

**<u>INSTRUCTION NO. 1:  SECTION 1981 STATUTE</u>**

Section 1981 of the Federal Civil Rights Act provides:

(a)      State of equal rights

All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)      Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and

-1-

 the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**<u>Authorities:</u>**

42 U.S.C. § 1981.

-2-

## INSTRUCTION NO. 2  SECTION 1981 - ELEMENTS OF CLAIM

In order for the plaintiff to establish his claim against the MDC, the plaintiff has the burden of proving by a preponderance of the evidence that the MDC had a discriminatory purpose or motive in that the MDC's actions were, more likely than not, motivated by the plaintiff's race.

In order to recover under section 1981, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that the plaintiff must prove that the MDC failed to promote the plaintiff, threatened the plaintiff, created a hostile work environment, refused to reclassify his position, and removed his job responsibilities; and

Second, that the plaintiff's race was a substantial or motivating factor that prompted the MDC's decisions.

In order for the plaintiff to recover on his claim against the MDC, the plaintiff must prove that the MDC intentionally discriminated against the plaintiff. That is, the plaintiff's race must be proven to have been a motivating factor in the MDC's actions allegedly taken toward the plaintiff.

The mere fact that the plaintiff is an African-American and was not promoted, received threats, perceived his workplace as hostile, was not reclassified, or had his job responsibilities changed, is not sufficient, in and of itself, to establish the plaintiff's claim under the law.

-3-

If either of the above elements has not been proved a preponderance of the evidence, you must decide in favor of the MDC and you must not consider the plaintiff's claim any further.

**<u>Authorities</u>:**

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 170.20 (5th ed. 2001).

-4-

## INSTRUCTION NO. 3          MOTIVATING FACTOR

The term "motivating factor" means that the evidence must show that, but for the

plaintiff's race, the plaintiff would not have been treated the way he was treated by the

MDC.  The term "motivating factor" does not mean that it was the MDC's only motivation

for its decision not to promote the plaintiff, but it must have been a substantial factor that

actually led the MDC to make its decision.

**Authorities:**

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 170.20 (5th ed. 2001).

-5-

## INSTRUCTION NO. 4  SECTION 1981 - FAILURE TO PROMOTE

You should be mindful that the law applicable to this case requires that an employer not discriminate against an employee applicant because of the employee's or applicant's race.  So far as you are concerned in this case, an employer may fail to promote an employee or applicant for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the plaintiff to lead you to substitute your own judgment for that of the MDC even though you personally may not favor the action taken and would have acted differently under the circumstances.  Neither does the law require an employer to extend any special or favorable treatment to employees or applicants because of their race.

On the other hand, it is not necessary for the plaintiff to prove that the plaintiff's

race was the sole or exclusive reason for the MDC's decision.  It is sufficient if the plaintiff

proves that his race was a determinative consideration that made a difference in the MDC's

decision.

      If you find in the plaintiff's favor with respect to each of the facts that the plaintiff

must prove, you must then decide whether the MDC has shown by a preponderance of the

evidence that the plaintiff would not have been promoted for reasons apart from race, then

your verdict should be for the MDC.

-6-

**<u>Authorities</u>:**

      Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction
No. 1.3.1 (2000).

-7-

## INSTRUCTION NO. 5:  SECTION 1981 - INTENT

In order to establish the plaintiff's case, the plaintiff must prove by a preponderance of the evidence that the MDC was motivated by a racially discriminatory purpose.  In other words, the plaintiff must provide that the MDC intentionally and purposefully discriminated against the plaintiff because of his race.

The plaintiff must prove that the MDC actually was motivated by a racially discriminatory purpose.  It is not enough for the plaintiff to show that the MDC's conduct had a negative effect on members of the plaintiff's race.

**Authorities:**

Patterson v. McLean Credit Union, 491 U.S. 164, 186, 109 S.Ct. 2363, 2377, 105 L.Ed.2d 132 (1989).

General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982).

McDonnell Douglas v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).

-8-
## INSTRUCTION NO. 6:        SECTION 1981 HOSTILE WORK ENVIRONMENT

I want to charge you separately with the additional legal requirements for the plaintiff's claim that the MDC created a hostile work environment on account of his race.

In order to prove that his work environment was hostile, the plaintiff must prove by a preponderance of the evidence each of the following elements:  First, that he was subjected to harassment in the form of failure to be promoted, threatening and derogatory treatment, refusal to reclassify his position, and remand of his job responsibilities by the MDC; Second, that the MDC actually engaged in such conduct; Third,  that the alleged harassment by the MDC was based upon the plaintiff's race; Fourth, that the plaintiff's claimed conduct was so pervasive and severe as to affect detrimentally the terms and conditions of the plaintiff's employment at the MDC; and Fifth, that the MDC's actions would have detrimentally affected a reasonable person of the same race in plaintiff's position.

**Authorities:**

42 U.S.C. § 1981.

Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 63-69 (1986).

Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1042 (2d Cir. 1993).

Mattern v. Eastman Kodak Co., 104 F.3d 702 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 336 (1997).

-9-

3 Hon. Edward J. Devitt, *et al.*, <u>Federal Jury Practice And Instructions</u> §§ 104.01, 104.09B (4th ed. 1987 & Supp. 1997).

-10-

## INSTRUCTION NO. 7:     SECTION 1981 HOSTILE WORK ENVIRONMENT – PERVASIVE AND SEVERE CONDUCT

If you determine that the plaintiff has proven that the conduct he alleges actually occurred, you cannot find for the plaintiff on his Second Count unless you also determine that the plaintiff has proven that the MDC's conduct was so pervasive and severe as to affect detrimentally the terms and conditions of the plaintiff's employment **and** that it created an abusive environment.  When you are considering this element of the plaintiff's hostile work environment claim, you should remember that not all workplace conduct that may be described as "harassment" violates section 1981.  For harassment to be actionable, it must be sufficiently severe or pervasive to alter the condition of the victim's employment **and** it must create an abusive working environment.

The conduct must be extreme to amount to a change in the terms and conditions of employment.  Isolated incidents are not enough to constitute harassment.  Rather, in order to succeed on his claim, the plaintiff must prove that his workplace was permeated with discriminatory intimation, ridicule and insults.

In order to determine whether the plaintiff has proven that there was an abusive working environment, you must consider all of the circumstances of the plaintiff's employment.  Thus, you should consider the frequency of the alleged discriminatory conduct.  As a general rule, incidents must be repeated and

-11-

sufficiently continuous and concerted to be deemed "pervasive" within the meaning of section 1981.  Isolated remarks or occasional episodes of harassment generally are not sufficient to establish a violation.

22

You should also consider whether the alleged discriminatory conduct was physically threatening or humiliating, or on the contrary, whether it was merely offensive. If you determine that the MDC's conduct toward the plaintiff was merely offensive, you must find for the MDC.

It is important that you remember that section 1981 does not arbitrate workplace stability. Nor does section 1981 prohibit genuine but innocuous differences in the ways people of different races routinely interact with members of the same or opposite race. Incidents that are merely offensive or inappropriate if they are isolated and discrete as opposed to being pervasive and severe are not enough to constitute a hostile work environment. The law does not punish trivial behavior. As such, simple teasing, offhand comments and isolated incidents (unless extremely serious) do not amount to discrimination. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

If the plaintiff has failed to prove by a preponderance of the evidence that the alleged conduct was so severe and pervasive as to create a hostile and abusive work environment, then you must find for the MDC.

-12-

**Authorities:**

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed.2d 633 (1998).

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. ____, 118 S. Ct. 998 (1998).

Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986).

Quinn v. Green Tree Credit Corp., No. 97-9045, 1998 U.S. App. LEXIS 28108, *22 (2d Cir. Nov. 5, 1998).

Gallagher v. Delaney, 139 F.3d 338, 347 (2d Cir. 1998).

Tomka v. Seiler Corp., 66 F.3d 1295, 1306 n.5 (2d Cir. 1995).

Kotcher v. Rosa & Sullivan Appliance Center, Inc., 957 F.2d 59, 62 (2d Cir. 1992).

Carrero v. New York City Hous. Auth., 890 F.2d 569, 577-78 (2d Cir. 1989).

-13-

## INSTRUCTION NO. 8:     SECTION 1981 HOSTILE WORK ENVIRONMENT – OBJECTIVE AND SUBJECTIVE STANDARD

For the plaintiff to prevail on his hostile work environment claim, he must prove that the allegedly racially hostile environment was both **objectively and subjectively** offensive.  In other words, the plaintiff must prove that he subjectively perceived the conduct to be hostile **and** that a reasonable person also would find that conduct to be hostile and abusive.

In determining whether a hostile work environment existed, you first must consider the evidence from the perspective of a reasonable person.  This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person.  Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

If a reasonable person would view the MDC's behavior as hostile, you must then look at the evidence from the plaintiff's perspective.  The plaintiff must subjectively perceive the environment to be hostile.

-14-

**Authorities:**

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).).

Harris v. Forklift Systems, Inc., 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993).

Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2d Cir. 1995).

Mattern v. Eastman Kodak, 104 F.3d 702 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 336 (1997).

Brittell v. Dep't of Correction, 247 Conn. 148, 166-67, 717 A.2d 1254 (1998).

-15-

## INSTRUCTION NO.  9:      TITLE VII STATUTE

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be an unlawful

employment practice for an employer … to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's

race."

**Authorities:**

      42 U.S.C. § 2000e-2.

-16-

**INSTRUCTION NO. 10:    TITLE VII ESSENTIAL ELEMENTS**

      In order for the plaintiff to establish his claim against the MDC under Title VII, the

plaintiff has the burden of proving by a preponderance of the evidence that the MDC's

actions were motivated by the plaintiff's race.

The plaintiff must prove that the MDC intentionally discriminated against him, that is, that his race must be proven to have been a motivating factor in the MDC's conduct that the plaintiff claims about.

The mere fact that the plaintiff is an African-American and was treated differently from other employees of the MDC is not sufficient, in and of itself, to establish the plaintiff's claim under the law.

In showing that the plaintiff's race was a motivating factor, the plaintiff is not required to prove that his race was the sole motivation or even the primary motivation for the MDC's decision.  The plaintiff need only prove that his race played a motivating part in the MDC's decision even though other factors may also have motivated the MDC.

**Authorities:**

Cabrera v. Jakabovitz, 24 F.3d 373, 381-82 (2d Cir.), cert. denied, 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §171.10.

-17-

**INSTRUCTION NO. 11:    HOSTILE WORK ENVIRONMENT – EMPLOYER LIABILITY DEFENSE**

If the plaintiff has proven by a preponderance of the evidence each of these elements, then he has established that he was subjected to a hostile work environment.  In order to find for the plaintiff, the plaintiff must still show that the MDC should be held liable for his claimed harassment.

When a supervisor engages in harassing activity, the employer is presumed to be

liable for that harassment unless the employer can prove that (1) the employer exercised reasonable care to prevent and promptly correct any harassment by the supervisor, and (2) the employee unreasonably failed to avail himself of any corrective or preventative opportunities provided by the employer or to avoid harm otherwise or that the employee took prompt and remedial measures to address the harm. Thus, you may not find the MDC liable for any conduct engaged in by its supervisors if the MDC proved that it exercised reasonable care to prevent and promptly corrected any harassment and that the plaintiff unreasonably failed to avail himself of any corrective or preventative opportunities provided by the employer.

**Authorities:**

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed2d 633 (1998).

-18-

Quinn v. Green Tree Credit Corp., No. 97-9045, 1998 U.S. App. LEXIS 28108, *17 (2d Cir. Nov. 5, 1998).

-19-

## INSTRUCTION NO. 12:    HOSTILE WORK ENVIRONMENT – EMPLOYER'S REASONABLE CARE DEFENSE

As part of this defense, the MDC must prove to you that it engaged in reasonable care to prevent and correct any harassment.  In determining whether the MDC has proven this, you may consider whether it had a workplace harassment policy with a complaint procedure in effect during the plaintiff's employment.

**Authorities:**

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed2d 633 (1998).

Quinn v. Green Tree Credit Corp., No. 97-9045, 1998 U.S. App. LEXIS 28108, *17 (2d Cir. Nov. 5, 1998).

-20-

## INSTRUCTION NO. 13:  "SAME DECISION" DEFENSE

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race.  So far as you are concerned in this case, an employer may fail to promote an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the MDC even though you personally may not favor the action taken and would have acted differently under the circumstances.  Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.  **Authorities:**

PriceWaterhouse v. Hopkins, 490 U.S. 228, 242, 109 S.Ct. 1775, 1776, 104 L.Ed.2d 268 (1989).

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 1.2.1 (2000).

-21-

## INSTRUCTION NO. 14:  BUSINESS JUDGMENT

Even if an employer is mistaken and its business judgment is wrong, an employer is

entitled to make its own policy and business judgment.  An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether the MDC's stated reason for its actions was a pretext for discrimination, you may not question its business judgment.  Discriminatory intent established just because you disagree with the business judgment of the MDC, unless you find that the MDC was actually motivated by a discriminatory interest.

**Authorities:**

Desert Palace, Inc. v. Costa, 123 S.Ct 2148 (2003).

Furnco Construction Corp. v. Waters, 438 U.S. 567, 578, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978).

Smith v. F.W. Morse & Co., 76 F.3d 413, 422 (1st Cir. 1996).

Bahl v. Royal Indem. Co., 115 F.3d 1283, 1291 (7th Cir. 1997).

Davidson v. Time, Inc., 972 F.Supp. 148, 153 (E.D.N.Y.1997).

Montana v. First Fed. Savings & Loan Ass'n, 869 F.2d 100, 106 (2d Cir. 1989).

-22--

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**KENDRA HEWITT, DARLENE WHALEY**          **CIVIL ACTION NO.:**
**And ETHEL L. WRIGHT**
      **PLAINTIFFS**                              **301CV2037MRK**

**vs**                                                      **January 18, 2005**

**METROPOLITAN DISTRICT COMMISSION**
      **DEFENDANT**


**DEFENDANT'S PROPOSED VERDICT FORM**


The Metropolitan District Commission would submit the following forms for each named Plaintiff.

**I.  LIABILITY ISSUES**

    **A.  DISPARATE TREATMENT UNDER TITLE VII**

      You must answer Questions 1, 2 <u>and</u> 3.

      Has the Plaintiff proved by a preponderance of the evidence that:

      1.     The MDC took an adverse employment action against them?

           _____YES                 _____NO

      2.     The Plaintiff's race was a substantial or motivating factor in the MDC's decision to take an adverse employment action against them?

           _____YES                 _____NO

3.      The MDC's adverse employment action proximately caused any injuries sustained by the Plaintiff?

_____YES                              _____NO

**If you answered "Yes" to Questions 1, 2 <u>and</u> 3, then you have found in favor of the Plaintiff on her claim of Disparate Treatment Under Title VII.  If you have answered "No" to Questions 1, 2 <u>and</u> 3, then you have found for the MDC on the Plaintiff's claim of Disparate Treatment under Title VII.**

**B.  HOSTILE WORK ENVIRONMENT UNDER TITLE VII**

You must answer Questions 1, 2, 3 <u>and</u> 4.

Has the Plaintiff proved by a preponderance of the evidence that:

1.      The Plaintiff was subjected to a racially hostile work environment?

_____YES                              _____NO

2.      There is a specific basis for attributing the conduct that created the hostile environment to her employer, the MDC?

_____YES                              _____NO

3.      The Plaintiff's race was a substantial or motivating factor in the MDC's conduct?

_____YES                              _____NO

4.      The MDC's actions proximately caused any injuries sustained by the Plaintiff?

        \_\_\_\_\_YES                       \_\_\_\_\_NO

**If you answered "YES" to Questions 1, 2, 3 <u>and</u> 4, then you must answer Questions 5 and 6 below.  If you answered "NO" to Question 1, 2, 3, or 4, then you may skip Questions 5 and 6.**

**<u>MDC's Affirmative Defense:</u>**

Has the MDC proved by a preponderance of the evidence that:

5.      The MDC exercised reasonable care to prevent and promptly correct any harassment by the Plaintiff's supervisors?

        \_\_\_\_\_YES                       \_\_\_\_\_NO

6.      The Plaintiff unreasonably failed to avail herself of any corrective or preventive opportunities provided by the MDC or to avoid harm otherwise?

        \_\_\_\_\_YES                       \_\_\_\_\_NO

**If you answered "YES" to Questions 1, 2, 3 <u>and</u> 4, and you answered "NO" to Question 5 <u>or</u> 6, then you have found for Plaintiff on her claim of Hostile Work Environment under Title VII.  If you answered "NO" to Question 1, 2, 3, <u>or</u> 4 or if you answered "YES" to Questions 5 <u>and</u> 6, then you have found for the MDC on the Plaintiff's claim of Hostile Work Environment under Title VII.**

**C.  DISPARATE TREATMENT UNDER SECTION 1981**

**You must answer Questions 1, 2 <u>and</u> 3.  Please note that your answers to Questions 1, 2 <u>and</u> 3 in Section D must be the same as your answers to Questions 1, 2, <u>and</u> 3 in Section A, above.**

Has the Plaintiff proved by a preponderance of the evidence that:

1.      The MDC took an adverse employment against her?

                _____YES                           _____NO

2.      The Plaintiff's race was a substantial or motivating factor in the MDC's decision to take adverse employment action against her?

                _____YES                           _____NO

3.      The MDC's adverse employment action proximately caused any injuries sustained by the Plaintiff?

                _____YES                           _____NO

**If you answered "YES" to Questions 1, 2 <u>and</u> 3, then you have found in favor of the Plaintiff on her claim of Disparate Treatment Under Section 1981.  If you have answered "NO" to Question 1, 2, <u>or</u> 3, then you have found for the MDC on the Plaintiff's claims of Disparate Treatment under Section 1981.**

**E.  HOSTILE WORK ENVIRONMENT UNDER SECTION 1981**

**You must answer Questions 1, 2, 3 and 4.  Please note that your answers to Questions 1, 2, 3, and 4 in Section E must be the same as your answers to Questions 1, 2, 3, and 4 in Section B above.**

Has the Plaintiff proved by a preponderance of the evidence that:

1.      The Plaintiff was subjected to a racially hostile work environment?

                _____YES                           _____NO

2.      There is a specific basis for attributing the conduct that created the hostile environment to her employer, the MDC?

_____YES                          _____NO

3.     The Plaintiff's race was a substantial or motivating factor in the MDC's conduct?

_____YES                          _____NO

4.     The MDC's actions proximately caused any injuries sustained by the Plaintiffs?

_____YES                          _____NO

**If you answered "YES" to Questions 1,2,3, <u>and</u> 4, then you must answer Questions 5 and 6 below.  If you answered "NO" to Question 1, 2, 3 <u>or</u> 4, then you may skip Questions 5 and 6.  Please note that your answers to Questions 5 and 6 in Section E must be the same as your answers to Questions 5 and 6 in Section B, above.**

**<u>MDC's Affirmative Defense:</u>**

Has the MDC proved by a preponderance of the evidence that:

5.     The MDC exercised reasonable care to prevent and promptly

correct any harassment by the Plaintiff's supervisors.

_____YES                              _____NO


6.      The Plaintiff unreasonably failed to avail herself of any corrective or
preventive opportunities provided by the MDC or otherwise available?

_____YES                              _____NO


**If you answered "YES" to Questions 1, 2, 3 and 4, and you answered "NO" to
Question 5 or 6, then you  have found for the Plaintiffs on their claim of Hostile
Work Environment under Section 1981.  If you answered "NO" to Question 1,
2, 3, or 4 or if you answered "YES" to Questions 5 and 6, then you have found
for the MDC on the Plaintiffs' claims of Hostile Work Environment under
Section 1981.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KENDRA MORGAN, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01 CV 2037 (MRK) |
| | : | |
| | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | January 18, 2005 |

## <u>PLAINTIFF'S PROPOSED VOIR DIRE</u>

1.   Name of present employer?

2.   Job duties?

3.   Have you ever been a supervisor?

4.   Have you had people working for you?

5.   Have you ever worked in the field of labor relations, industrial relations or personnel?

6.   Have you ever taken any courses in law or personnel or labor relations?

7.   Have you ever been active in a union? Have you ever worked in a union shop?

8.   Do you have any close relatives employed by a municipality, state or city agency?

9.   Have you ever had the power to discharge or discipline? To recommend discipline?

10.   Do you have any close relatives that have ever been fired or laid off?

11.   Do you know of any of the lawyers in this case?

12.   Do you know of any of the following persons who are listed as witnesses? (List names on pretrial list).

13.   Have you ever been part of a group that signed a petition or letter protesting working conditions or criticizing your superior?

14.     Have you or a member of your immediate family ever filed a lawsuit?

15.     Have you or a member of your immediate family ever filed a grievance or an appeal of an adverse employment decision?

16.     Have you ever protested a written job appraisal or job evaluation?

17.     Have you ever prepared a job appraisal or evaluation of another employee?

18.     Do you think there is anything improper about an employee testifying against his current employer?

19.     Do you think a company may choose to treat an employee differently if the employee is viewed as having been disloyal?

20.     Have you ever owned your own business or been self-employed?

21.     Have you ever been a victim of discrimination of any kind? Have you ever filed a discrimination charge with the EEOC or other government agency?

22.     Have you ever been accused of discriminating against an employee?

23.     Do you believe discrimination in employment is a problem today?

24.     Have you ever been in a situation where you felt threatened by a fellow employee?

25.     Do you believe it is appropriate for a supervisor to yell at an employee in front of others?

26.     If the evidence showed that plaintiff was entitled to recover a very large amount of money would you have any difficulty in voting to make such a large award?

27.     Have you ever served on a jury before?

28.     Have you ever served as a juror in a criminal case?

29.     Do you understand that in a civil case plaintiff only has the burden of proving his case by a preponderance of the evidence? Do you understand plaintiff does not have to prove his case beyond a reasonable doubt as in a criminal case?

30.     Will you follow the instructions of law of the court concerning circumstantial indirect evidence and your right to make inferences and draw conclusions from circumstantial evidence even though there may be no direct evidence?

31.     At the end of the case when you retire to deliberate, will you vote according to your conscience?

32.     If you find that a preponderance or greater weight of the evidence shows that plaintiff was treated differently than other employees on unlawful discriminatory grounds, would you have any problem in entering a verdict for plaintiff?

33.     Will you base your decision solely upon the evidence and law and not upon the sympathy or personal dislike of any of the parties, witnesses, or lawyers?

34.     Do you know of any fact or reason which would tend to make you biased or prejudiced for or against any of the parties?

35.     Do you know of any reason why you cannot give my client a fair trial?

36.     Will you promise me that if the preponderance of the evidence shows plaintiff is entitled to a verdict that you will return a verdict in favor of plaintiff?

37.     Have you any fixed ideas relative to anyone who files a lawsuit that would affect your judgment as a fair and impartial juror?

38.     Have you any preconceived ideas about this type of case that would affect your judgment as a fair and impartial juror?

RESPECTFULLY SUBMITTED,
PLAINTIFF, KENDRA MORGAN

By:
**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KENDRA MORGAN,

                                                NO.3:01CV2037 (MRK)

        Plaintiff,

v.

42

THE METROPOLITAN DISTRICT
COMMISSION,

        Defendant.

## **<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

## *TABLE OF CONTENTS*

INTRODUCTION ..............................................................................................3
PART I: GENERAL INSTRUCTIONS ..............................................................4
   A.   ROLE OF THE COURT ......................................................................4
   B.   INSTRUCTIONS TO BE CONSIDERED AS A WHOLE     5
   C.   BOTH SIDES ENTITLED TO FULL AND FAIR HEARING..................6
   D.   OBJECTIONS AND RULINGS ...........................................................7
   E.   DUTIES OF THE JURY ........................................ ...............................9
   F.   "PROVE," "FIND," AND "ESTABLISH" ...............................................10
   G.   BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE .....11
   H.   FORMS OF EVIDENCE......................................................................13
   I.   WHAT IS NOT EVIDENCE .................................................................14
   J.   DIRECT & CIRCUMSTANTIAL EVIDENCE ......................................15
   K.   INFERENCE DEFINED ......................................................................16
   L.   WITNESS CREDIBILITY - GENERAL..................................................17
   M.   IMPEACHMENT OF WITNESS .........................................................18
   N.   UNCONTRADICTED TESTIMONY ....................................................18


PART II: THE ISSUES AND CLAIMS IN THIS CASE          19
   A.   DISPARATE TREATMENT UNDER TITLE VII          20

   B.   DISPARATE TREATMENT UNDER SECTION 1981          23



PART III: PLAINTIFF'S DAMAGES .................... .......................................... 24
   A.   GENERAL INSTRUCTIONS ON DAMAGES ..................................... 24
   B.   COMPENSATORY DAMAGES............................................................ 25
   C.   MITIGATION OF DAMAGES ............................................................. 28
   D.   NOMINAL DAMAGES....................................................................... 28

PART IV: FINAL INSTRUCTIONS ................................................................. 29
   A.   NOTE TAKING ................................................................................. 29
   B.   UNANIMOUS VERDICT..................................................................... 30
   C.   ADDITIONAL INSTRUCTIONS........................................................... 31

**INTRODUCTION**

Members of the jury, you now have heard all of the evidence in the case as well as the final arguments of the parties. I will now instruct you concerning the law that applies in this case. After that, you will return to the jury room to deliberate in accordance with my instructions. Before I give you these instructions, however, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully and pay close attention. You have been provided with a copy of my instructions so that you can read along as we go. If you want to make notes, please use your notebooks because we will collect your copy of the instructions at the end of my instructions and you will not be permitted to take your copy into the jury room with you. Only one official copy will be allowed in the jury room for your consideration.

My instructions will be in four parts: first, I will discuss general rules concerning the role of the court and the duty of the jury; in the second and third parts, I will go over the issues in this case and set out the specific elements that you must find based on the evidence at trial; and fourth, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats - namely, the Verdict Form. After I have given these instructions, you will go back into the jury room to deliberate. You will have with you the following: the original of the Verdict Form, the original exhibits, one copy of these instructions and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the Verdict Form to report your verdict to the court and the parties.

45

## PART I: GENERAL INSTRUCTIONS

## A.     ROLE OF THE COURT

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, but it is now-at the close of evidence-that the final instructions governing your deliberations are given, so please be patient and listen closely. I believe that everything I am going to tell you is consistent with the preliminary instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different I may have said in the preliminary instructions. The instructions I am now giving you must guide your deliberations in this case.

It is your duty to take the law as I will give it to you and to apply it to the facts as you determine them. You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. Also, you must not substitute your own notions or opinions of what the law is or ought to be for what I tell you the law is in my instructions.

## B.     INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out anyone part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done, any suggestion from me about what verdict you should return - that is a matter for you alone to decide.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

### C.     BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims and defenses, both parties in this case are entitled to a full and fair hearing. The parties are entitled to a trial free from prejudice or bias. Our justice system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right. In deciding the facts or applying the law as I have given it to you, you must not be swayed by bias or prejudice for or against any party. All persons, including Kendra Morgan and the MDC, stand equal before the law and are to be dealt with as equals in a court of justice, regardless of who they are and regardless of how large or small they may be. You must not be swayed by your personal opinions about any of the issues raised in this trial. You must not be swayed by sympathy for any party. You should be guided solely by the evidence presented during trial and the law that I give you, without regard to the consequences of your verdict. I know that you will do this and in that way reach a just and true verdict. You have been chosen to try the issues of fact and to reach an impartial verdict on the basis of the evidence or lack of evidence. If you let your sympathy for one side or another to interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

## D.    OBJECTIONS AND RULINGS

Our courts operate under an adversary system in which we believe that the truth will emerge through the competing presentations of adverse parties. It is the role of the attorneys to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper. You should not show any prejudice against an attorney or his client because the attorney objected to the admission of evidence or the phrasing of a question, or asked the court to rule on an objection or the propriety of a question..  The application of the rules of evidence is not always clear, and lawyers (and even judges) often disagree about what is permissible and what is not. It has been my job as the judge to resolve these disputes during the course of the trial.

It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other. You are not to concern yourself with why a lawyer made an objection or why I ruled on it in the manner that I did. You should draw no inference from the fact that a lawyer objected to evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. My rulings on objections have nothing to do with the merits of the case or with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If! have stricken an answer, you must disregard the part of the answer that was stricken, because it is not evidence.

A final word about the attorneys: during the course of a trial, one cannot help but recognize the various personalities and styles of the attorneys. However, it is important for you as jurors to recognize that this is not a contest among attorneys. Whatever you may think about the conduct of the lawyers during this trial, you must remember that this dispute is about the parties, not the lawyers, and you must decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence and my instructions on the law that counts in this case.

## E.     DUTIES OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence. No one may invade your province or function as jurors. Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of a view of what your decision should be or which party should prevail in this case, because I have no view on those matters.

In order for you to determine the facts, you must rely upon your own recollection of the evidence. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you.

The verdict you reach must be unanimous; that is, agreed upon by each of you. You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## F.     "PROVE," "FIND" AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what Mrs. Morgan must do in order to establish the MDC's liability or what the MDC must do to establish certain of its defenses. My use of the word "prove" means "prove by the appropriate burden of proof," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the appropriate burden of proof, even if I simply use the word "find." Likewise, I will speak of the parties "establishing" various facts. Even if I simply use the word "establish," you must find that fact has been established by the appropriate burden of proof.

### G.    BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Because this is a civil case, the Plaintiff, Kendra Morgan has the burden of proving every disputed part of her claims by a preponderance of the evidence. The Defendant, the Metropolitan District Commission - also referred to as the MDC - has the burden of proving each element of the defenses that I will mention later.

Preponderance of the evidence means evidence which, considered in light of all the facts, leads you to believe that the plaintiffs claims are more likely true than not. For Mrs. Morgan to prevail in a civil case such as this one, she must prove all the essential elements of her claims by the greater weight of the evidence. This does not mean that the party who calls the most witnesses or offers the most exhibits should prevail. Rather, it means that the party who offers the evidence that you find most persuasive prevails.

As I mentioned in my preliminary instructions, it might be helpful to visualize a pair of balanced scales. Imagine that you put on one scale the evidence you find credible, relevant and supportive of the plaintiff on a particular issue, and place on the other scale the evidence you find credible, relevant and supportive of the defendant. If the scales tip in favor of the defendant on that issue, even a little bit, or if the scales are evenly balanced, the plaintiff has not sustained her burden of proof on the issue. But if the scales tip in favor of the plaintiff on that issue, even a little bit, then on that issue she will have sustained her burden of proof.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.

53

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

## H.    FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, including the parties.

Second, there are the exhibits that have been received into the trial record. All of the exhibits that have been admitted into evidence will be with you in the jury room. If an exhibit has been admitted into evidence, it is evidence that can be considered by you regardless whether any witness referred to the exhibit or testified about it during the trial.

One word about the exhibit book that you will have in the jury room. You may notice that certain exhibit numbers have not been used. For example, you may find exhibit number 5 and number 7 but not find number 6. Please do not be concerned about the numerical sequencing of exhibits and do not think that an exhibit is missing. The reason for what would otherwise seem like gaps is that we assigned all of the potential trial exhibits numbers long before trial, and then before or during trial, counsel decided not to introduce certain exhibits or certain exhibits were simply marked for identification purposes and then not made full exhibits. We've checked the exhibit books and made sure that you will have all of the exhibits that you should have, so once again do not pay any attention to the numbering or sequencing of the exhibits.

The third form of evidence are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find. The effect of a stipulation is to relieve the party with the burden of proving that fact from having to introduce evidence to prove it. Because the parties have agreed, you are to take such agreed facts as true for purposes of this case.

## I.     WHAT IS NOT EVIDENCE

It is the witnesses' answers, and not the lawyer's' questions, that are evidence. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because the statement was contained in the lawyer's question. Similarly, if a lawyer in asking a question described a witness' testimony, you should not accept the lawyer's statement as the witness' testimony. It is your recollection of the witness' testimony that controls.

The lawyers are not witnesses and what they say in their opening statements and closing arguments, in their comments, objections and even in their questions is not evidence. What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, you should rely on your memory.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict. Further, if certain testimony was received for a limited purpose, such as for the purpose of assessing a witness' credibility, you must follow the limiting instructions I have given for that testimony.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence and my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## J.      DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence includes a witness' testimony about something the witness knows by virtue of his or her own senses - something he or she has seen, felt, touched or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. For example, assume that when you carne into the courthouse this morning the sun was shining and it was a nice day. Also assume that there are no windows in this courtroom and therefore that you cannot look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

K.    **INFERENCE DEFINED**

During the trial you may have heard the attorneys use the term "inference," and in their arguments, they may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. One party may ask you to draw one set of inferences, while the other party asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. The mere existence of an inference against the MDC does not relieve Mrs. Morgan of the burden of establishing her case by a preponderance of the evidence. Finally, you may not draw any inferences from the mere fact that Mrs. Morgan filed this lawsuit.

L.     **WITNESS CREDIBILITY - GENERAL**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor - that is, their behavior, manner and appearance while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider: the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor and intelligence; the reasonableness and probability of the witness's testimony; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing any witness' testimony you should use your common sense, your good judgment, and your own life experience.

## M.    IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

## N.    UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's manner and demeanor or because of the improbability of his or her testimony or for other reasons, that the witness's testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## PART II: THE ISSUES AND CLAIMS IN THIS CASE

Now, let me turn to the specific issues and claims in this case. The Plaintiff, Kendra Morgan, has alleged that the Defendant, the Metropolitan District Commission, violated her civil rights by discriminating against her on the basis of her race - which is African-American.

Mrs. Morgan has asserted her claim under a theory of liability known as disparate treatment. She has asserted this claim under two separate statutory sections, which are known as Title VII and Section 1981.

I will now describe for you the law that you must apply in considering each of Mrs. Morgan's claims. While there is some overlap in the instructions and governing law on many of these claims, it is important that you address each one of them.

## A.     DISPARATE TREATMENT UNDER TITLE VII

Mrs. Morgan brings a claim for disparate treatment under Title VII of the Civil Rights Act of 1964, which states, "It shall be an unlawful employment practice for an employer. . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race." In this case, Mrs. Morgan alleges that the MDC discriminated against her on the basis of her race.

To prevail on his disparate treatment race discrimination claim under Title VII, Mrs. Morgan must prove by a preponderance of the evidence, the following three elements:

1.     The MDC took an adverse employment action against her;

2.     Mrs. Morgan' race was a motivating factor in the MDC's decision to take the adverse employment action against her; and

3.     The MDC's adverse employment action proximately caused any injuries sustained by Mrs. Morgan.

I will now explain each of these elements in further detail.

1.     <u>Adverse Employment Action</u>:          An adverse employment action is a materially or significantly adverse change in the terms and conditions of an employee's employment. Not everything that makes an employee unhappy is actionable as an adverse employment action. A materially adverse change in employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. As a general rule, an adverse employment action involves a material alteration in the terms and conditions of employment. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss in

63

benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

2.    <u>Motivating Factor</u>:    Under Title VII, an employer can make adverse employment decisions about employees so long as it does not make those decisions on the basis of race. The term "motivating factor" means that the evidence must show that, but for Mrs. Morgan' race, she would not have been treated the way she was treated by the MDC. A motivating factor is a factor that makes a difference in a party's decisions or actions. The requirement does not mean that race must have been the MDC's only motivation for its decision, but rather, Mrs. Morgan' race must have been a factor that actually led the MDC to make its decisions or take its actions.

Your determination of the MDC's intent is to be made from consideration of all the evidence and the surrounding circumstances, whether proven by direct or circumstantial evidence. In assessing whether Mrs. Morgan has proved that her race was a motivating factor in the MDC's actions, you may consider whether the reasons offered by the MDC for its actions are believable or not, in whole or in part. If you find that the MDC's stated reasons are not credible, then considering all the circumstances you may infer, although you are not required to infer, that Mrs. Morgan' race was a motivating factor in the MDC' s actions, even if it may not have been the only motivating factor.

It is not your role to second-guess or judge the wisdom of the MDC's business decisions but only to determine if Mrs. Morgan has proven that her race was a motivating factor in MDC's actions and decisions. The fact that you may believe that the MDC's decisions or actions were incorrect, unfair, unwise or capricious, or even based on personal favoritism or animosity is irrelevant so long as race was not a motivating factor that made a difference in the MDC's decisions or actions.

3.     <u>Proximate Cause</u>:     Finally, Mrs. Morgan must prove that the MDC's actions were the "proximate cause" of any injuries she claims. "Proximate cause" does not mean "**ap**proximate case." Rather, the term proximate cause is a legal term that means that there must be a sufficient causal connection between the act of a defendant and any injury or damage sustained by a plaintiff. An act is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act. In other words, if the MDC's actions had the effect of producing the injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause.

In order to recover monetary damages for an injury, Mrs. Morgan must show by a preponderance of the evidence that any such injury would not have occurred without the unlawful conduct of the MDC. A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

The MDC is not liable if Mrs. Morgan' injuries were caused by a different or an independent source that pre-existed or was totally unrelated to the MDC's actions and that produces a result which was not reasonably foreseeable by the MDC.

**B.     DISPARATE TREATMENT UNDER SECTION 1981**

Mrs. Morgan also brings a claim for disparate treatment race discrimination under

Section 1981 of Title 42 of the United States Code.  Section 1981 provides as follows:

(a)     State of equal rights

All persons within the jurisdiction of the United States shall have the same rights, in every
State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the
full and equal benefit of all laws and proceedings for the security of persons and property as
is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes,
licenses, and exactions of every kind, and to no other.

(b)     Definition

For the purposes of this section, the term "make or enforce contracts" includes the making,
performing, modification, and termination of contracts, and the enjoyment of all benefits and
privileges, terms and conditions of the contractual relationship.

To prevail on her disparate treatment race discrimination claim under Section 1981,

Mrs. Morgan must prove by a preponderance of the evidence all of the same elements that he

has to prove in order to establish disparate treatment race discrimination under Title Vll. That

is, she must prove: (1) the MDC took adverse employment actions against her; (2) Mrs.

Morgan' race was a motivating factor in the MDC's decision to take the adverse employment

actions against her; and (3) the MDC's adverse employment actions proximately caused any

injuries sustained by Mrs. Morgan. The law and instructions for these elements under Section

1981 is the same as the law and instructions I have given you under Title Vll on page 18.

Therefore, your findings on the elements for disparate treatment race discrimination under

Title Vll must be the same as your findings on those elements under Section 1981. You

cannot reach different conclusions under Section 1981 than you reached under Title Vll.

## PART IV: PLAINTIFF'S DAMAGES

I am instructing you on the law of damages so that, if you decide Mrs. Morgan is entitled to recover against the MDC on any one of her claims you will have guidance as to how you should proceed to determine damages.

## A.    GENERAL INSTRUCTIONS ON DAMAGES

If Mrs. Morgan fails to prove the elements of her claims of liability against the MDC, then the MDC has prevailed on the issue of liability on those claims and you should not consider the issue of damages for those claims. Only if Mrs. Morgan has proven by a preponderance of the evidence that the MDC is liable to her on one or more of her claims of liability, should you then, and only then, address the issue of damages on such claim or claims.

It is exclusively your function to decide upon liability. I am instructing you on the law of damages so that, if you decide Mrs. Morgan is entitled to recover on any of her claims, you will have guidance as to how you should proceed to determine damages. Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that the MDC is liable under one or more of Mrs. Morgan' claims of liability. These instructions are for your guidance only if you reach the issue of damages on any particular claim.

In respect to the damages claimed, as in respect to every other matter before you, you

67

can award only such damages as are justified by the proof and the law. The burden is on Mrs. Morgan to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses she suffered as a result of discrimination and/or retaliation by the MDC. It is not MDC's burden to disprove the claimed losses.

Our law permits counsel for any party to argue to the jury his view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence but only argument and the determination of the amount to be awarded, if any, is solely your function and in your deliberations you may accept or disregard his argument on the amount of damages.

### B.    COMPENSATORY DAMAGES

The purpose of money damages is to compensate the victim of wrongful discrimination by putting her in the same position, insofar as money can, as she would have been in if the wrongful discrimination had not occurred. The law places the burden on Mrs. Morgan to prove facts that will enable you to arrive at the amount of damages with reasonable certainty.  While it is not necessary that a plaintiff prove the amount of damages with mathematical precision, a plaintiff is required to present such evidence as might reasonably be expected to be available under the circumstances.

You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for estimate or approximation is shown with reasonable certainty, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate, common sense. You may not award damages based on sympathy, speculation, or guess work.

There are two types of compensatory damages at issue in this case: economic damages

and non-economic damages. I will instruct you on each type of damages and there will be a line on the Verdict Form for you to insert your verdict on each. Since the damages that Mrs. Morgan claims are the same regardless of the claim or claims for which you may find the MDC liable, if you reach that part of the verdict form, you will only need to find damages once.

1.    <u>Economic Damages</u>:  If you find in favor of Mrs. Morgan, she is entitled to recover any economic loss proved: that is, the pay Mrs. Morgan proved she lost as a result of the MDC's intentional racial discrimination. Thus, if you find that Mrs. Morgan lost pay as a result of a racially discriminatory action, you should award her a sum which will compensate her for the money she would have been expected to earn if she had not been discriminated against. With regard to Mrs. Morgan' race discrimination claims, if you determine that although race was a motivating factor in the MDC's discriminatory conduct, Mrs. Morgan has not suffered any economic damages as a result of the MDC' s conduct, then you will not award him economic damages by placing a zero on the economic damages line in the Verdict Form.

2.    <u>Non-Economic Damages</u>:     You may award compensation for the emotional harm to a plaintiff proximately caused by a defendant's unlawful conduct, including emotional distress or pain, humiliation, shame, personal indignity, embarrassment, fear, anxiety and/or anguish which a plaintiff has suffered or may with reasonable certainty be expected to suffer in the future. A plaintiffs subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages. Rather the plaintiff s testimony of emotional injury must be substantiated by other evidence that such an injury occurred, such as the testimony of. witnesses to the plaintiffs distress, testimony regarding physical manifestations of such distress or the objective circumstances of the violation itself. Evidence that a plaintiff has sought medical treatment for the emotional injury, while helpful, is not required.

## C.    MITIGATION OF DAMAGES

If you find that Mrs. Morgan has proved actual economic damages caused by the MDC's unlawful actions, you must determine whether Mrs. Morgan could thereafter have done something to lessen the economic harm that she suffered.

The burden is on the MDC to prove by a preponderance of the evidence that Mrs. Morgan could have lessened the economic harm that was done to her, and that she unreasonably failed to do so. If the MDC meets this burden of proving that Mrs. Morgan unreasonably failed to mitigate her economic damages, Mrs. Morgan is only entitled to be awarded such damages as are sufficient to compensate her for the injury that she would have suffered if she had taken reasonable action to reduce the harm done to her.

## D.    NOMINAL DAMAGES

If you find in favor of Mrs. Morgan on any of her claims in this case, but you find that Mrs. Morgan' damages have no monetary value, then you must return an award of damages in some nominal or token amount and there will be a line on the Verdict Form for you to so indicate.

**PART IV: FINAL INSTRUCTIONS**

## A.    NOTE TAKING

I am now done with the instructions on the specific claims in this case. In closing, I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. Your notes are not evidence and should not be shared.

## B.     UNANIMOUS VERDICT

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not a partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

## C.    ADDITIONAL INSTRUCTIONS

When you return to the jury room, you should first elect one person to act as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the marshal, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must cease deliberations and not recommence deliberations until all jurors are present.

A Verdict Form has been prepared for your convenience. Focusing on the questions set forth in the Verdict Form will assist you in your deliberations. You must complete and return the Verdict Form in court when you have reached a unanimous agreement as to your verdict. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. If the foreperson makes any error in completing the Verdict Form, please do not strike out the error and add a correct response. Instead, please request a new Verdict Form, so that the Verdict Form that is submitted is error-free. Then inform the court marshal or clerk that you have reached a verdict. The Verdict Form must be used only in connection with the charge I have just given to you. The terms used in the Verdict Form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the Verdict Form. As you will see when you retire to the jury room, the form consists of a series of questions.

74

Each question calls for a check, or a "yes" or "no" answer, or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions before each set of questions **in bold-faced** type. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. Finally, be consistent in your responses.

When you go into the jury room to begin your deliberations, you will have exhibits with you but you will not have a transcript of the testimony. If you need to have testimony read back to you, we will do so. However, please understand that it is difficult and time-consuming to locate and read back testimony. If you nevertheless require a read back, please be as specific as possible about the portions of the testimony you want to hear.

Your requests for a read-back of testimony and, in fact, any communication with the court must be made to me in writing, signed by your foreperson, and given to the marshal or clerk. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally. I also must caution you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Members of the jury, that concludes my instructions to you. Thank you for your patience and attention.

I will ask you to remain seated while I confer with the attorneys to see if there is any additional instructions that they would like me to give to you. In this regard, I will ask you not to discuss the case while seated in the jury box because the case has not yet been formally submitted to you.

\* \* \* \* \* \*

Members of the jury, you may now retire. The marshal will escort you to the jury room where you will begin your deliberations.

_____
                                      Robert W. Heagney (ct 5658) and
                                      Stuart E. Brown, Esq. (ct 24659)
                                      Hassett & George, P.C.
                                      555 Franklin Avenue
                                      Hartford, Connecticut 06114
                                      (860) 296-2111

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KENDRA MORGAN,

                                                        NO. 3:01CV2037 (MRK)

                 Plaintiff,

v.

THE METROPOLITAN DISTRICT
COMMISSION,

                 Defendant.

## <u>PLAINTIFF'S PROPOSED VERDICT FORM</u>

**PLEASE READ THE INSTRUCTIONS AND ANSWER THE QUESTIONS IN PART I ON LIABILITY, SECTIONS A AND B.**

**BEFORE PROCEEDING TO ANSWER ANY QUESTIONS IN PART II ON DAMAGES, PLEASE READ THE INSTRUCTIONS FOR THAT PART AND ONLY PROCEED TO ANSWER THE QUESTIONS IN PART II IF YOU ARE REQUIRED TO DO SO BY THE INSTRUCTIONS.**

**I.**       LIABILITY ISSUES

1

**A.    DISPARATE TREATMENT UNDER TITLE VII**

**You must answer Questions 1, 2 <u>and</u> 3.**

Has Mrs. Morgan proven by a preponderance of the evidence that:

1.    The MDC took an adverse employment action against her?

             YES                          NO

2.    Mrs. Morgan' race was a substantial or motivating factor in the MDC's decision to take an adverse employment action against her?

             YES                          NO

3.    The MDC's adverse employment action proximately caused any injuries sustained by Mrs. Morgan?

             YES                          NO

If you **answered "Yes" to Questions 1,2 <u>and</u> 3, then you have found in favor** of Mrs. Morgan **on her claim** of Disparate **Treatment Under Title VII.** If you **have answered "NO" to Question 1,2 <u>or</u> 3, then you have found for the MDC on Mrs. Morgan' claim** of Disparate **Treatment under Title VII.**

**B.     DISPARATE TREATMENT UNDER SECTION 1981**

**You must answer Questions 1, 2 <u>and</u> 3. Please note that your answers to Questions 1,2 and 3 in Section B must be the same as your answers to Questions 1, 2 and 3 in Section A, above.**

Has Mrs. Morgan proven by a preponderance of the evidence that:

1.     The MDC took an adverse employment action against her?

                    YES                    NO

2.     Mrs. Morgan' race was a substantial or motivating factor in the MDC's decision to take adverse employment action against her?

                    YES                    NO

3.     The MDC's adverse employment action proximately caused any injuries sustained by Mrs. Morgan?

                    YES                    NO

**If you answered "Yes" to Questions 1,2 <u>and</u> 3, then you have found in favor of Mrs. Morgan on her claim of Disparate Treatment Under Section 1981. If you have answered "NO" to Question 1,2 <u>or</u> 3, then you have found for the MDC on Mrs. Morgan' claim of Disparate Treatment under Section 1981.**

II.    **DAMAGES ISSUES**

Only proceed to answer the questions in this Part II if you have found for Mrs. Morgan on any of the claims in Part **I,** Sections A or B.  If you have found for the MDC on all of Mrs. Morgan' claims in Part **I,** Sections A and B, then you may skip this Part II and you should proceed to the Conclusion of Deliberations on the final page (p. 12).

A.    ECONOMIC DAMAGES

Please fill in a dollar amount for Mrs. Morgan' economic damages:

Economic                                    $
Damages:

B.    NON-ECONOMIC DAMAGES

Please fill in a dollar amount for Mrs. Morgan' NON-economic damages:

Non-economic                             $
Damages:

Please do not proceed to Section C, Nominal Damages, if you have inserted a monetary value for either economic or non-economic damages above.

C.    NOMINAL DAMAGES

If you find in favor of Mrs. Morgan on any of his claims in this case, but you find that Mrs. Morgan' damages have no monetary value, then place an "X" next to Nominal Damages below.

Nominal
Damages:

III.    CONCLUSION OF DELIBERATIONS


Your deliberations are now complete, and you should have your jury foreperson note the date and time below and sign in the space provided. You should return your completed Verdict Form to the Court.


_____    _____ A.M. /P.M.    _____
Date        Time                      Foreperson (please sign)