UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENDRA HEWITT, DARLENE WHALEY And ETHEL L. WRIGHT PLAINTIFFS | CIVIL ACTION NO.: 301CV2037MRK |
| vs | January 18, 2005 |
| METROPOLITAN DISTRICT COMMISSION DEFENDANT | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

## I. INTRODUCTION

The Defendant, Metropolitan District Commission, (MDC) moves to preclude the following evidence at trial:

1]. Any evidence by Plaintiff Hewitt concerning a claim for constructive discharge; and

2]. Any evidence of alleged discrimination against MDC employees or former employees who are not parties to this action.

The arguments in support of this motion are stated below.

## II. ARGUMENT

### A. The Plaintiff Hewitt Should Not Be Allowed To Present Any Evidence Concerning An Alleged Constructive Discharge.

This complaint was filed on October 29, 2001. After the filing of this lawsuit, the Plaintiff Hewitt resigned from her position at the MDC on January 5,

2002. Plaintiff Hewitt has not amended her complaint to allege any claim of constructive discharge. The Plaintiff did not allege this claim in her original EEOC complaint. In addition, the statute of limitations (3 years) under Section 1981, has passed. Any amendment at this time would not be timely. As a result, the Plaintiff should not be allowed to present any evidence or testimony concerning any alleged constructive discharge.

### B. The Plaintiff Should Not Be Allowed To Present Any Evidence Concerning Alleged Discrimination Against Other Employees Of The MDC.

Any evidence of alleged discrimination against the employees of the MDC who are not a party to this action would not be relevant to the Plaintiff's claims. Any evidence of other complaints of discrimination against the MDC are admissible if there is some nexus between the other complaints and the Plaintiff's case. See Haskell v. Kaman Corp., 743 F. 2d, 113, 121 (2d CIR 1984). Any such evidence must be related to the Plaintiff's claim, or it will present unnecessary collateral issues and provide no basis for inference of discrimination. See Haskell at 122.

Any evidence of alleged discrimination, even if found relevant, would be highly prejudicial and confuse the issues for the jury. See Fed. R. EVID. 3. In addition, any introduction of this type of evidence would require a series of mini-trials concerning the other acts of alleged discrimination. This would be unfair to the Defendant, and have the real potential to confuse and mislead the jury. The

Plaintiff's claims must stand on their own and the jury must decide them on this basis.

## III. CONCLUSION

Given the arguments stated above, the Defendant requests that the Motion in Limine be granted.

By _____
ANTHONY J. PALERMINO
**Their Attorney**
945 WETHERSFIELD AVENUE
HARTFORD, CT
ct05651

## CERTIFICATION

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 18th day of January, 2005 to Attorney Robert W. Heagney, Hassett & George, P.C., PO Box 454, Simsbury, CT 06070.

_____
Anthony J. Palermino