**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KENDRA HEWITT** | **CIVIL ACTION NO.:** |
| **PLAINTIFF** | **301CV2037MRK** |
| vs | June 10, 2005 |
| **METROPOLITAN DISTRICT COMMISSION** | |
| **DEFENDANT** | |

**DEFENDANT'S MEMORANDUM IN SUPPORT**
**OF MOTION IN LIMINE**

**I. INTRODUCTION**

The Defendant, Metropolitan District Commission (MDC) moves to preclude the following evidence at trial: (1) any testimony concerning the Levy & Droney Report; and (2) any testimony or use of the notes or journal referenced by the Plaintiff in her deposition.

The arguments in support of this Motion are stated below.

**II. ARGUMENT**
    **A. Any testimony or reference to the Levy & Droney Report should be precluded at trial.**

The Plaintiff did not identify the Levy & Droney Report (Report) as an exhibit in her Trial Memorandum. Given the clear instructions by the Court concerning the submission of exhibits, Report should not be admitted as an exhibit at trial. In addition, the Plaintiff and any witnesses should not be allowed to discuss the Report, nor reference it in any testimony.

The Court had occasion to address the issue of the admissibility of the report in two

prior cases concerning the MDC. In both cases, <u>Thomas vs. Metropolitan District Commission</u> and <u>Chavez vs. Metropolitan District Commission</u>, the Court ruled that the Report was not admissible. The most recent ruling was in the <u>Chavez</u> case dated April 21, 2005. Given the prior rulings by the Court, and the Plaintiff's failure to identify the Levy & Droney Report as an exhibit, there should be no testimony concerning this report at trial.

**B. Any testimony or evidence concerning the Plaintiff's journal should be precluded at trial.**

The Plaintiff disclosed in her deposition that she maintained notes or a journal concerning events at the MDC. The deposition at pages 27 and 28 states:

Q       What did she say that was defamatory?

A       I would have to look back at all my notes.

Q       Okay. Do you remember anything offhand at the present time? Or do you have your notes with you?

A       No, I didn't – no, I don't. I would have to refer to my notes.

Q       And what are these notes that you have? What do they consist of?

A       Everything that happened to me at the MDC.

Q       Do you keep like a journal?

A       Somewhat.

   MR. PALERMINO: I guess in discovery we'll want a copy of that.

   MR. BROWN: I'll have to talk to Rob about that.

<u>See Exhibit A</u> attached.

The Plaintiff did not identify her journal as an exhibit in her Trial Memorandum. In addition, the Plaintiff did not provide a copy of the journal to defense counsel as requested at the Plaintiff's deposition.

Given the Court's clear instructions concerning exhibits for trial, and the failure of the Plaintiff to provide defense counsel with a copy of the journal, this document should not be admitted at trial. In addition, the use of the journal and any other testimony concerning it should be precluded at trial.

## III.  CONCLUSION

Given the arguments stated above, the defendant requests that the Motion in Limine be granted.

                            DEFENDANT
                            METROPOLITAN DISTRICT COMMISSION

                        BY_____
                            ANTHONY J. PALERMINO
                            Their Attorney
                        Law Offices of Anthony J. Palermino
                         945 Wethersfield Avenue
                         Hartford, Connecticut 06114
                         (860) 296-0035
                         ct05651

## **CERTIFICATION**

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 10th day of June, 2005 to Attorney Stuart E. Brown and Attorney Robert Heagney, Hassett & George, P.C., 555 Franklin Avenue, Hartford, CT 06114.

_____
Anthony J. Palermino