UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENDRA HEWITT         PLAINTIFF | CIVIL ACTION NO.:         301CV2037MRK |
| vs | June 10, 2005 |
| METROPOLITAN DISTRICT COMMISSION         DEFENDANT | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION IN LIMINE
TO PRECLUDE NON-EXPERT EVIDENCE OF A MEDICAL CONDITION**

The Defendant, Metropolitan District Commission (hereafter the "Defendant MDC") submits this memorandum of law in support of its Motion In Limine To Preclude Non-Expert Evidence of a Medical Condition to preclude the plaintiff from introducing at trial evidence or testimony offered or sought by the Plaintiff, KENDA HEWITT (hereafter the "Plaintiff Hewitt") of her alleged medical condition, emotional distress/stress and the cause thereof.

  The Defendant MDC objects to the admission of such evidence at trial on the
  grounds that:

(1) the Plaintiff has not indicated an intention to support her allegation that her alleged condition, emotional distress/stress, was caused by the Defendant MDC with expert testimony or other expert evidence, and (2) testimony or other evidence regarding the Plaintiffs specific medical condition and the potential causes thereof is beyond the knowledge of the average layperson.

### I.     Background

The Plaintiff Hewitt alleges that her employer, the Defendant MDC, discriminated against her on the basis of her race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. The Defendant MDC denies these allegations.

In the Joint Trial Memorandum filed in this matter, Plaintiff Hewitt intends to have as exhibits, her medical records in support of her claim for emotional distress/stress.

The Plaintiff Hewitt has not produced any documentary evidence to support her allegation that she suffers from emotional distress/stress or that the condition could have been caused or was in fact caused by the Defendant MDC's actions. The Plaintiff Hewitt has not given any indication that she intends to call an expert witness at trial to testify with respect to her alleged medical condition, emotional distress/stress. The Defendant MDC moves to preclude any exhibits and/or testimony pertaining to the Plaintiff Hewitt's alleged medical condition, emotional distress/stress on the basis that the issue of the specific medical condition and the potential causes of the condition are beyond the knowledge of a layperson.

### II.    Argument

The Plaintiff Hewitt intends to allege that she suffers from emotional distress/stress and that the medical condition resulted from the Defendant MDC's actions. The Plaintiff Hewitt has provided no evidentiary basis for her claim. Because the Plaintiff has not identified an expert witness to testify regarding her alleged medical condition and because knowledge of the existence or potential causes of the

alleged medical condition is beyond the knowledge of a layperson, any evidence or testimony with respect to the Plaintiff Hewitt's alleged medical condition of emotional distress/stress should be precluded at trial.

The Federal Rules of Evidence provide,

> If the witness is not testifying as an expert the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. The plain language of Rule 701 precludes the Plaintiff Hewitt or other layperson from testifying about causal factors associated with emotional distress/stress. Further, any testimony by the Plaintiff Hewitt that she has been diagnosed with the medical condition is hearsay and inadmissible. On this basis alone, evidence pertaining to the Plaintiff Hewitt's alleged emotional distress/stress should be precluded.

In the context of proof of worker's compensation injuries, the Connecticut Supreme Court has held: "Where, as here, it is difficult to ascertain whether or not the disease arose out of the employment, it is necessary to rely on expert medical opinion." *Murchison v. Skinner Precision Industries, Inc.,* 162 Conn. 142, 152 (1972) quoting *Madore v. New Departure Mfg. Co.,* 104 Conn. 709, 714. The court in *Murchison* determined that the plaintiff's testimony before the worker's

compensation commissioner with respect to her injury was not sufficient to sustain the plaintiff's burden of proof, absent direct medical testimony. *Murchison,* 162 Conn. 142, 152.

In other employment contexts, where a plaintiff seeks to prove that a particular medical condition has resulted from "distress", the courts have found testimony from lay witnesses to be insufficient.  In *Ferris v. Pennsylvania Federation of Brotherhood of Maintenance of Way Employees,* **153** F. Supp. 2d 736 (E.D. Pa. 2001), the court considered a motion of limine seeking to preclude the plaintiff from testifying about his depression and anxiety disorder which he alleged were caused by the defendant.  The court recognized: "It is well settled that when the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson.  The law requires that expert testimony be employed." *Ferris* 153 F. Supp. 2d at 746 quoting *Redland Soccer Club, Inc. v. Department of Army of the United States,* 55 F.3d 827 (3d Cir. *1995)* quoting *Gradel v. Inouye,* 491 Pa. 534 (1980) (internal quotation omitted). See also, *Bushman v. Halm,* 798 F.2d 651, 659 (3d Cir. 1986) ("If the question of causal relation is so esoteric that lay minds cannot form any intelligent judgment about it without expert aid an opinion from an expert may be required.").  Since the precise issue presented had not yet been addressed by the Third Circuit, the court in *Ferris* relied on a decision issued by the Court of Appeals for the District of Columbia which held,

> [W]hereas testimony from lay witnesses may be sufficient to establish that an individual is 'distressed' in some fashion, it may not be sufficient to establish that an individual suffers from a particular medical condition such as alcoholism or depression which only professional medical care providers may be qualified to diagnose.

*Ferris, 153* F.Supp. 2d 736, 746 citing *Jefferson v. Mil Vets Sys. Tech., Inc.,* **335** U.S. App. D.C. 318 (D.C. Cir. 1999) (unpublished) (internal quotation omitted).  See also *Villalba v. Consolidated Freightways Corp. of Del.,* 2000 U.S. Dist. LEXIS 11773, 2000 WL 1154073 at *\*45* (ND. Ill. Aug. 14, 2000).  The court in *Ferris* expressed its agreement with the D.C. Circuit and concluded that it would not permit the plaintiff to testify regarding any specific medical diagnosis of his mental ailments since those conditions "are complex injuries beyond the knowledge of the average layperson." *Ferris,* 153 F.Supp. 2d 736, 746.

Emotional distress/stress, similarly, is a "complex injury beyond the knowledge of the average layperson.  The Plaintiff Hewitt's own testimony or that of another layperson is not sufficient to establish the diagnosis, the symptoms, or the cause of her alleged emotional distress/stress.

**III.     Conclusion**

For the foregoing reasons, the Court should preclude the introduction of any evidence relating to the Plaintiff's alleged medical condition, emotional distress/stress and the cause thereof.  Therefore, the Defendant MDC respectfully submits that its

Motion In Limine To Preclude Non-Expert Evidence of a Medical Condition should be granted.

                         DEFENDANT
                         METROPOLITAN DISTRICT COMMISSION


                   BY_____
                         ANTHONY J. PALERMINO
                         Their Attorney
                      Law Offices of Anthony J. Palermino
                       945 Wethersfield Avenue
                       Hartford, Connecticut 06114
                         (860) 296-0035
                         ct05651


## CERTIFICATION

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 10th day of June, 2005 to Attorney Stuart E. Brown and Attorney Robert Heagney, Hassett & George, P.C., 555 Franklin Avenue, Hartford, CT 06114.

                                                         _____
                                                         Anthony J. Palermino